**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BETTY JEAN ROY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.**  20-cv-245-RJD |
| | ) | |
| **CENTERSTONE INCORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Plaintiff Betty Roy filed this *pro se* complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. alleging employment discrimination and harassment based upon her race, gender, age, and intellectual disability.   This matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) which was provisionally granted by the Court in the Eastern District of Missouri prior to the being transferred to this Court.

### Background

Plaintiff was employed by Centerstone Incorporation in Alton, IL as an Assertive Community Treatment Counselor from July 1, 2019 to August 5, 2019 (Doc. 1 at 5).   Plaintiff complains that she was not properly trained to do her job.   Plaintiff informed her supervisor on a number of occasions that she needed proper training because she was struggling and was assured she would receive such training.   Plaintiff spoke to multiple people regarding her need for training but rather than receive proper training she was terminated on August 8, 2019.

**Legal Standard**

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if the party "submits an affidavit that includes a statement of all assets [she] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in this case. In her motion and affidavit for leave to proceed *in forma pauperis*, Plaintiff states that she is not currently employed, receives $770.00 per month in supplement security income and $199.00 per week in unemployment benefits, and currently has $0 in her checking or savings account. Her current monthly expenses amount to $1,185. Based upon this information, the Court finds that Plaintiff is unable to pay the costs of commencing the action. Accordingly, her motion to proceed *in forma pauperis* is granted.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen any indigent's complaint, those filed by prisoners and non-prisoners alike, and dismiss the complaint if: (1) the action is frivolous or malicious, (2) the action fails to state a claim upon which relief can be granted, or (3) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.")

The Court has reviewed the complaint and finds that, at this time, Plaintiff's claims do not appear to be frivolous or malicious, and she has provided factual allegations sufficient to state a claim. Specifically, Plaintiff alleges that her supervisor failed to provide proper training and discriminated against her based on her race, gender, age and intellectual disability. These actions were taken in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§

2000e, et seq., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.

§§ 621, et seq.

## Conclusion

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 2).   The Clerk of

Court is **DIRECTED** to prepare and issue summons and a USM-285 form.   The Clerk **SHALL**

deliver the summons and two copies, the completed USM-285 form, a copy of the complaint, and

a copy of this Memorandum and Order to the United States Marshal Service for service.   The

Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of

the summons and Complaint upon Defendant in any manner consistent with Rule 4.   Costs of

service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED:   March 19, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**